**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN THE MATTER OF ) | |
| JACQUELINE MARIE ADINOLFI ) | Chapter 7 |
|    Debtor ) | |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | Case No. 10-51254 |
| COMPANY, AS TRUSTEE ) | (AHWS) |
|    Movant ) | |
| ) | |
| JACQUELINE MARIE ADINOLFI ) | |
|    And ) | |
| RONALD I. CHORCHES ) | June 14, 2010 |
|    Chapter 7 Trustee ) | |
|    Respondent ) | |

**MOTION FOR RELIEF FROM STAY**

Pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001(a), Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-7 (the "Movant") moves this Court for an Order lifting the automatic stay in this case under §362(d)(2) of Title 11 of the United States Code (the "Bankruptcy Code") and in support of this Motion submits the following:

**BACKGROUND AND FACTS**

1. Jacquline Adinolfi AKA Jacqueline Marie Adinolfi (the "Debtors") owns real property located at 6813-6815 E. Pinchot Avenue, Scottsdale, Arizona 85251 (the "Property").

2. On May 11, 2006, American Broker's Conduit ("ABC") loaned the Debtor the sum of $244,000.00, as evidenced by a note executed on that date (the "Note"). Also

on May 11, 2006, the Debtor executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for American Broker's Conduit ("MERS") with respect to the Property (the "Mortgage").

3. The Mortgage was recorded on May 16, 2006 as Instrument Number 20060663843 of official records in the Office of the Recorder of Maricopa County, Arizona.

4. MERS assigned its interest in the Mortgage to the Movant by instrument recorded or proposed for recording in the official records in the Office of the Recorder of Maricopa County, Arizona.

5. The Debtor is the record owner of the Property.

6. The Note and the Mortgage are currently owned by the Movant.

7. The Debtor is contractually in default under the Note and Mortgage for non-payment of the November 1, 2009 and subsequent Mortgage payments.

8. On June 1, 2010, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case no. 10-51254 (the "Bankruptcy"). The Debtor is appearing Pro Se and the Chapter 7 Trustee is Ronald I. Chorches (the "Trustee").

9. According to a Broker's Price Opinion ("BPO") prepared for the Movant's servicer, American Home Mortgage Servicing, Inc., the fair market value of the Property is $109,000.00.

10. The debt owed by the Debtor to the Movant, with interest accrued to June 9, 2010, is $271,808.17, excluding attorney's fees and costs associated with the Bankruptcy.

11. As there are no secured debts on the Property other than the Mortgage, the amount of secured debt is $271,808.17.

## ARGUMENT

12. Pursuant to section 362(d)(2) of the Bankruptcy Code, the Court "shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization … ."  11 U.S.C. § 362(d)(2).

13. As described in paragraph 11, the secured debt encumbering the Property is approximately $272,000.00 while the fair market value of the Property, as described in paragraph 9 is $109,000.00 leaving approximately $163,000.00 in negative equity. Therefore, there is no equity in the Property available for the Debtor's estate.

14. As there is no equity in the Property, its value is not of consequence to the estate, and, therefore, not necessary for an effective reorganization.

15. Because there is no equity in the Property relief from the automatic stay is appropriate under section 362(d)(2) of the Bankruptcy Code.

**WHEREFORE**, the Movant prays that this Court enter an order of relief modifying the automatic stay in this case to allow (i) the Movant to exercise its rights and remedies under applicable state law and to enforce its rights under the Note and Mortgage by Mortgage foreclosure or, in the alternative, (ii) the Movant or its Mortgage loan servicer, at its option, to present, negotiate and consummate one or more loss mitigation alternatives to the foreclosure including, without limitation, a forbearance or repayment agreement, a loan modification or a deed in lieu of foreclosure from the Debtor(s). The Movant also seeks relief in order to enable it or its Mortgage loan servicer, at its option, to contact the Debtor(s) by telephone or other written communication in order to offer an agreement as contemplated by (ii), above. In the event that the Debtor(s) receive a discharge any agreement so reached shall be deemed to be non-recourse unless provided for otherwise in a reaffirmation agreement.

> **THE MOVANT,**
> **Deutsche Bank National Trust Company, as Trustee** for HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-7, acting through its servicer and attorney in fact, American Home Mortgage Servicing, Inc.
>
> By:    */s/ Martha Croog*
> Martha Croog
> Martha Croog, LLC
> 740 North Main Street, Suite M
> West Hartford, CT 06117
> (860) 236-9661; Bar No. CT 12730